**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles Edward Bevier-Dukes, | ) | Case No. 1:22-cr-141 |
| | ) | |
| Defendant. | ) | |

Defendant was initially charged by way of a Complaint.  (Doc. No. 1).  He made his initial appearance on July 15, 2022, and, on motion by the United States, was ordered detained pending a combined preliminary and hearing on July 20, 2022.  (Doc. Nos. 4, 7).   The court subsequently continued the combined preliminary and detention hearing until July 25, 2022.  (Doc. Nos. 12, 13, 15).

The court convened defendant's combined preliminary and detention hearing on July 25, 2022.  (Doc. No. 16).  At the outset of the proceedings, defendant waived in open court his right a preliminary hearing and detention hearing. (Doc. No. 17).  The court accepted his waiver, ordered him detained, and placed him the waiting list for a residential reentry placement.  (Id.).

On August 4, 2022, the Grand Jury returned an Indictment charging defendant with two offenses: (1) conspiracy to distribute and possess with intent to distribute fentanyl; and (2) possession with intent to distribute fentanyl.  (Doc . No. 20).  On August 10, defendant appeared before the court and was arraigned.  (Doc. No. 23).

Defendant is currently in Marshals Service custody at the Ward County Jail.  On September 9, 2022, he filed a motion requesting the court to reconsider its detention order.  (Doc. Nos. 25, 26).

Advising that North Dakota Adult & Teen Challenge ("Teen Challenge") has accepted his application for admission into its residential faith-based drug and alcohol program, he requests to be to transported by the Marshals Service to Teen Challenge's facility in Mandan and conditionally released upon his arrival.

The Bail Reform Act provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).  Consequently, "to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained."  United States v. Rolenc, No. 20-CR-137 (NEB/ECW), 2021 WL 211253, at *5 (D. Minn. Jan. 21, 2021).

Having reviewed the record, the court is presently disinclined to "reopen" the detention hearing that defendant previously waived or to otherwise reconsider its detention order. "Information is 'material' for purposes of section 3142(f)(2) only if it indicates that the defendant is less likely to flee or fail to appear or that the defendant is less likely to pose a danger to the community or others."  United States v. Smith, 337 F.R.D. 366, 369 (N.D. Fla. 2020).  Here, the information provided by defendant–that he has secured a placement at Teen Challenge–does not rebut the presumption of detention that exists in this case given the nature of his charged offenses. Moreover, it does not does address the danger or risk of flight that defendant poses or otherwise tip the balance of the 18 U.S.C. § 3142(g) factors in favor of his release.  Thus, it is not "material" for

purposes of § 3142(f)(2) .  Having consulted with the Pretrial Services Office, the court also has concerns regarding Teen Challenge's ability to provide the required level of security, structure, and supervision that would be required given defendant's criminal history, which includes a  conviction for a violent offense, a history of institutional misconduct, and a history of noncompliance with court-imposed conditions of his parole. Previously, when ordering detained, the only release option that the court was willing to entertain was a placement in a residential reentry center. There is presently no space available for defendant at such a center.  Consequently, release is presently not an option.

In sum, the court finds that Defendant is not a viable candidate for release to Teen Challenge given the nature of his charged offenses, his history,  the lack of any material information to warrant reopening the detention hearing, and the presumption of detention, which remains a factor that the court can consider.  Accordingly, Defendant's motion for reconsideration of the court's detention order and for transport (Doc. Nos. 25, 26) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

3